# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Scott Lawrence Simmons,                           Case No. 21-cv-0696 (HB)

                    Plaintiff,

v.                                         **REPORT AND RECOMMENDATION**

Dakota County and Commissioner of
Social Security,

                    Defendants.

        Plaintiff Scott Lawrence Simmons has brought several lawsuits in this District alleging only a single phrase: "obstruction of justice."  This matter is the most recent of those lawsuits.  As has been the result in each of the lawsuits brought by Simmons that has at this point been adjudicated, the Court recommends[1] that this matter be dismissed prior to service.

        Simmons did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status.  The IFP application includes no information whatsoever about Simmons's finances; this Court therefore cannot conclude from the application that Simmons qualifies financially for IFP status.  Even leaving that aside, however, an action

---

[1] This matter was assigned only to the undersigned magistrate judge upon filing consistent with this District's rules and practice in social security proceedings.  Because the parties have not consented to proceed entirely before a magistrate judge, however, this Court cannot effect dismissal of its own authority.  This Court will therefore recommend (rather than order) dismissal and will direct the Clerk of Court to assign an Article III judge of this District to review any objections made by Simmons to the recommendation of dismissal.

may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The pleading in this matter was prepared using this District's template complaint for appeals from the denial of benefits by the Social Security Administration. Accordingly, Simmons alleges (through the pre-printed information) that the Commissioner of Social Security is a defendant to this lawsuit, that the Court has jurisdiction over this proceeding pursuant to 42 U.S.C. § 405(g), and that he has been denied social security benefits. This Court is skeptical, however, that this lawsuit has anything to do with the Social Security Administration. Simmons has handwritten "Dakota County" above the preprinted "Commissioner of Social Security" in the caption

2

of the pleading (Compl. at 1 [ECF No. 1]), and he lists only Dakota County as a defendant in his IFP application [ECF No. 2 at 1]. Dakota County (and the Dakota County District Court) is a particular bête noire of Simmons, who has brought multiple cases against those entities over the past several months. *See Simmons v. Clerk of Appellate Courts*, No. 20-CV-2646 (ADM/LIB); *Simmons v. Clerk of Appellate Courts*, No. 21-CV-0293 (ECT/HB); *Simmons v. Clerk of Appellate Courts*, No. 21-CV-0380 (ADM/TNL); *Simmons v. Clerk of Appellate Courts*, No. 21-CV-0695 (ECT/KMM). As in those actions, Simmons again alleges that this action is brought in prosecution of "obstruction of justice," with no further details provided. (Compl. at 2.) Put another way, this Court suspects that this lawsuit is simply a repeat of Simmons's prior lawsuits, albeit initiated with a different template complaint this time.

Whether that suspicion is correct is ultimately unimportant. As Simmons has been explained several times already, the phrase "obstruction of justice" is not by itself sufficient to put the defendants to an action on notice of the basis for a lawsuit. Simmons must allege facts that, if proved true, would establish that the defendant or defendants violated the law. Once more, Simmons has failed to state a claim on which relief may be granted, and it is recommended that this matter be dismissed without prejudice on that basis. Finally, Simmons is warned that the repeated filing of duplicative and meritless cases may result in him being restricted from initiating new litigation in this District while acting pro se absent permission of a judicial officer of this District.

3

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.      This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      The application to proceed *in forma pauperis* of plaintiff Scott Lawrence Simmons [ECF No. 2] be **DENIED**.

Dated: March 23, 2021                    *s/ Hildy Bowbeer*
                                         Hildy Bowbeer
                                         United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).